McDonnell|Crowley

September 30, 2020

*Via ECF*

Honorable Christine M. Gravelle
United States Bankruptcy Judge
United States Court House
402 East State Street
Trenton, NJ  08608

**RE:** *In re Hesham M. Eldeib*, **Case No. 20-17508-CMG;**
**Former Chapter 7 Trustee's Objection to the Debtor's**
**proposed Chapter 13 Plan (Docket No. 27)**

Dear Judge Gravelle:

Please accept this short letter filed on behalf of John M. McDonnell, the former chapter 7 trustee (the "Chapter 7 Trustee") for the estate of Hesham M. Eldeib, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, in lieu of a more formal memorandum as the Chapter 7 Trustee's objection (the "Chapter 7 Trustee's Objection"), pursuant to sections 105, 1322, and 1325 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), to the Debtor's proposed chapter 13 plan (the  "Deficient Chapter 13 Plan"). *See* Docket No. 27.  Based upon information and belief and in support of the Objection to the Motion to Convert the Chapter 7 Trustee respectfully represents as follows:

The history and background of this case are noted more fully in the Chapter 7 Trustee's objection (the "Objection to the Motion to Convert") to the Debtor's motion to convert (the "Motion to Convert").   *See* Docket Nos. 9 and 19.  The Objection to the Motion to Convert is expressly incorporated herein to this Chapter 7 Trustee's Objection.

By way of brief summary and as largely noted in the Objection to the Motion to Convert, the Deficient Chapter 13 Plan does not propose to pay the estate's creditors as much as they would as part of a chapter 7 proceeding and is a bad faith attempt by the Debtor to shelter assets in the form of certain real property all to the detriment of the estate's creditors.   More specifically, the non-exempt equity in estate property is at least approximately $33,150.

115 Maple Avenue
Red Bank, NJ 07701
732−383−7233|Phone
732−383−7531|Fax
www.mchfirm.com

McDonnell|Crowley

On Schedule "A/B" of his Petition, the Debtor lists an interest in the following property: 2084 Yorktowne Blvd., Toms River, New Jersey 08753 (the "Toms River Property"). *See* Docket No. 1. The Toms River Property has approximately $33,150 in net equity in the Toms River Property. This is calculated as follows $130,000 (gross value of the Toms River Property) less $58,700 (claimed mortgage amount the Debtor) less $25,150 (Debtor's exemption) less $13,000 (estimated 10% cost of sale) equals $33,150. *See* Docket Nos. 1 and 19.

Thus, a payment plan over a five (5) year period or sixty (60) months will need to pay creditors approximately $552.50 per month ($33,150/60) to ensure creditors receive as much in a chapter 13 plan as they would in a chapter 7 case. These amounts do not include any legal or administrative fees the Debtor will be required to pay in a chapter 13 case.

Alternatively, a payment plan over a three (3) year period or thirty-six (36) months will need to pay creditors approximately $920.83 per month ($33,150/36) to ensure creditors receive as much in a chapter 13 plan as they would in a chapter 7 case. Again, these amounts do not include any legal or administrative fees the Debtor will be required to pay in a chapter 13 case.

The Deficient Chapter 13 Plan appears to only propose to pay creditors $225 a month over a three (3) year or thirty-six (36) months period or just $8,100. Counsel for the Chapter 7 Trustee filed Proof of Claim No. 15 asserting a reduced chapter 7 administrative claim in the amount of $3,000. Moreover, the Order granting the relief sought in the Motion to Convert notes, among other things, the following "[t]he conversion to Chapter 13 is conditioned upon payment by the debtor(s), through the Chapter 13 plan, of all allowed Chapter 7 administrative expenses, including, the legal fees and expenses of counsel for the Chapter 7 Trustee, which counsel for the Chapter 7 Trustee has agreed to reduce and fix at the total amount of $3,000 and the Debtor agrees to not object to such fees and expenses." *See* Docket No. 20.

The Claims Register in these proceedings appear to reflect unsecured claims in excess of the amount of approximately $140,000. *See* Claims Register *generally*.

Based the proposed payment plan by the Debtor in the Deficient Chapter 13 Plan – unsecured creditors will receive little if nothing.

On September 3, 2020, the Chapter 13 Trustee filed his objection (the "Chapter 13 Trustee's Objection") to the Deficient Chapter 13 Plan. The Chapter 13 Trustee's Objection noted, among other things, the equity in the Toms River property *and potential additional non-exempt equity in a vehicle*. *See* Docket No. 35.

115 Maple Avenue
Red Bank, NJ 07701
732-383-7233|Phone
732-383-7531|Fax
www.mchfirm.com

McDonnell|Crowley

The Chapter 13 Trustee's Objection provides in relevant part as follows:

- The debtor has insufficient income [] verifies $-28.59.

- The Plan provides for payment on unsecured claims of less than that which would be distributed upon liquidation under Chapter 7, as prohibited by 11 U.S.C. § 1325(a)(4): There is non-exempt equity on 2019 Kia, pending info needed. There is equity in the debtor's property of over $33,000 based upon the Chapter 7 trustee's realtor inspection[.]

*See* Docket No. 35.

The Deficient Chapter 13 Plan is a bad faith attempt by the Debtor to not pay unsecured creditors little if anything – much less paying creditors as much as they would receive as part of a chapter 7 distribution.

The Trustee respectfully requests the issues herein be decided in the papers and seeks and this Court issue an Order: (i) the denying approval of the Deficient Chapter 13 Plan and (ii) the granting of such further and additional relief as this Court deems just, proper, and equitable.[1]

Respectfully submitted,

*/s/     Brian T. Crowley*
BRIAN T. CROWLEY

---

[1] As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

115 Maple Avenue
Red Bank, NJ 07701
732-383-7233|Phone
732-383-7531|Fax
www.mchfirm.com